UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David L. Riley,<br><br>                Plaintiff,<br><br>v.<br><br>Trident Seafoods Corporation,<br><br>                Defendant. | Civil No. 11-2500 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Stephen S. Eckman, Eckman, Strandness & Egan, P.A., P.O. Box 597, Wayzata, MN 55391 for Plaintiff David L. Riley.

Paul C. Peterson, Erick J. Steinhoff, Lind, Jensen, Sullivan & Peterson, 150 South Fifth Street, Suite 1700, Minneapolis, MN 55402 and Larry E. Altenbrun, Nicoll, Black & Fieg, PLLC, 1325 Fourth Avenue, Suite 1650, Seattle, WA 98101 for Defendant Trident Seafoods Corporation.

## **INTRODUCTION**

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Defendant Trident Seafoods Corporation's Motion to Dismiss for Improper Venue, or, in the alternative, Transfer Venue to the U.S. District Court for the Western District of Washington. [Docket No. 4]. These actions have been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on December 12, 2011 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Stephen S. Eckman appeared on behalf of Plaintiff. Paul C. Peterson, Eric J. Steinhoff, and Larry E. Altrenbrun appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss or Transfer Venue [Docket No. 4] be **GRANTED** and that the case be transferred to the Western District of Washington.

**FACTUAL BACKGROUND**

Plaintiff David L. Riley is a former employee of Defendant Trident Seafoods Corporation ("Trident"). (Compl. ¶ 8.) Riley worked for Trident on three separate occasions and in three separate capacities during the 2008 fishing season. (Docket No. 7, Declaration of Michael McCarthy ("McCarthy Dec."), ¶ 2.) From June 17 to July 24, 2008, Riley worked at Trident's Naknek, Alaska processing facility. (*Id.* at ¶ 3.) From August 5, 2008 to August 17, 2008, Riley worked as a laborer at Trident's Tacoma shipyard. (*Id.* at ¶¶ 5-6.) From August 18, 2008 to approximately September 23, 2008, Riley worked as a seaman crew member aboard Trident's fishing vessel Bountiful. (*Id.* at ¶¶ 7-8.) While working aboard the Bountiful, Riley sustained a knee injury on September 2, 2008. (Compl. ¶ 12.)

Riley entered into employment agreements with Trident each of the three times he commenced employment with the company. (McCarthy Dec. ¶ 2.) On August 17, 2008, Riley entered into an employment agreement with Trident governing his work aboard the Bountiful (the "Agreement"). (*Id.* at ¶ 7.) The Agreement contains a venue selection clause that provides in relevant part:

> The parties agree that the EXCLUSIVE VENUE FOR ANY LAWSUIT between the parties arising out of or in any way related to Employee's employment by Employer, including any lawsuit arising out of this employment contract, any in rem lawsuit against the vessel, any lawsuit for maintenance, cure or unearned wages, and any lawsuit for illness, injury or death arising under the Jones Act, the General Maritime Law, or otherwise, SHALL BE ONLY IN THE FEDERAL OR STATE COURTS IN KING COUNTY, WASHINGTON.

(*Id.* at Ex. 5, ¶ 6.)

Riley filed suit in the District of Minnesota on August 31, 2011. He brings this action under general maritime law and the Jones Act, 46 U.S.C. § 30104, seeking damages associated with the injuries he sustained while working aboard the Bountiful. He brings claims for

negligence under the Jones Act and unseaworthiness, maintenance, and cure under the general maritime law.

Trident moves the court to dismiss or transfer venue to the Western District of Washington, seeking to enforce the venue selection clause in the Agreement. In response, Riley argues that the venue selection clause (1) is barred by the Federal Employer's Liability Act ("FELA") as incorporated into the Jones Act and (2) is unenforceable as unreasonable and unjust.

## DISCUSSION

**I.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for improper venue. Once a defendant raises the issue of improper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue in that court. *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963). Trident brings this motion pursuant to Rule 12(b)(3), or alternatively under Rule 12(b)(6) or 12(b)(1). (Def. Mem. 4.) The Eighth Circuit has recognized that "there is some controversy as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause in the parties' underlying contract." *Rainforest Cafe, Inc. v. EklecCo, L.L.C.,* 340 F.3d 544, 545 n.5 (8th Cir. 2003). "The relevant distinction between Rule 12(b)(6) and Rule 12(b)(3) is that Rule 12(b)(6) requires the court to accept the pleadings as true, while Rule 12(b)(3) permits the court to consider facts outside the pleadings and does not require the court to accept the pleadings as true." *Multifeeder Tech., Inc. v. British Confectionery Co. Ltd.*, No. 09-1090, 2009 WL 5033958, at *1 (D. Minn. Dec. 15, 2009). "Because the parties do not dispute that the Court should evaluate [Trident's] Motion to Dismiss for improper venue according to Rule

12(b)(3), and do not dispute that the Court may consider facts outside the pleadings to determine the proper venue, the Court need not decide the issue still unresolved by the Eighth Circuit." *BTC-USA Corp. v. Novacare,* 2008 U.S. Dist. LEXIS 46714, 2008 WL 24056814, at *2 (D. Minn. June 16, 2008).

## II. THE VENUE SELECTION CLAUSE IS NOT BARRED BY THE JONES ACT.

Riley's first argument is that the venue selection clause is void under FELA as incorporated into the Jones Act. The Jones Act affords seamen a cause of action for negligence by adopting the rights and remedies available to injured railway workers under FELA. *See* 46 U.S.C. § 30104. The Jones Act provides as follows:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C. § 30104.

FELA, in turn, generally prohibits forum and venue selection clauses in employment contracts between railway workers and their employers. *Boyd v. Grand T. W. R. Co.,* 338 U.S. 263, 266 (1949). Section six of FELA is a venue provision, which provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Section five of FELA provides that "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by [FELA], shall to that extent be void . . . ." 45 U.S.C. § 55. In *Boyd*, the Supreme Court considered these two sections and found that the right to select the venue granted in § 6 is a substantial right that would be defeated by a

4

venue selection clause, and therefore, such a clause was unenforceable under FELA. *Boyd*, 338 U.S. at 266.

Many of the provisions of FELA were expressly incorporated into the Jones Act. Venue was not such a provision. Until recently, the Jones Act contained its own specific venue provision. *See Pure Oil Co. v. Suarez*, 346 F.2d 890, 892-93 (5th Cir. 1964) ("*Pure Oil 1*"). Prior to 2006, the Jones Act venue provision provided that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.[1] *See* 46 App. U.S.C. § 688(a) (amended 2006).

Relying on this separate venue provision, the majority of courts have found that FELA's prohibition against venue selection clauses is *not* incorporated into the Jones Act. *See, e.g.*, *Utoafili v. Trident Seafoods Corp.*, No. 09-2575, 2009 WL 6465288, at *3 (N.D. Cal. Oct. 19, 2009); *Great Lakes Dredge & Dock, Co., LLC v. Larrisquitu*, No. H-06-3489, 2007 WL 2330187, at *16-20 (S.D. Tex. Aug. 15, 2007); *Edah v. Trident Seafoods Corp*, No. 06-554, 2007 WL 781899, at *2-3 (S.D. Ohio Jan. 24, 2007), *aff'd per curiam*, 282 Fed Appx. 431 (6th Cir. 2008); *Willard v. Fishing Co. of Alaska, Inc.*, 1995 AMC 1358, 1359-60 (D. Alaska 1995). There was no need to incorporate the venue provision of FELA into the Jones Act when the Act had its own venue provision. *See, e.g.*, *Pure Oil 1*, 346 F.2d at 892-93 ("Congress has seen fit to impose different venue requirements in Jones Act cases. To now hold that the venue requirements under [FELA] are controlling would negate the plain language of the Jones Act."),

---

[1] Although this section read as a grant of "jurisdiction," courts consistently interpreted it as a venue provision, which interpretation was affirmed by the Supreme Court. *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 384 (1924).

*aff'd on other grounds*, 384 U.S. 202 (1966) ("*Pure Oil 2*").[2]  Accordingly, there was also no need to incorporate the related prohibition on venue selection clauses that was derived from FELA's venue provision.  *See Edah*, No. 06-554, 2007 WL 781899, at *2-3.

In 2006, Congress amended the Jones Act to sever the last sentence of 36 App. U.S.C. § 688(a) quoted above into its own subsection, which read: "Venue—An action under this section shall be brought in the judicial district in which the employer resides or the employer's principal office is located."  *See* 46 U.S.C. § 30104(b) (repealed 2008); Pub. L. No. 109-304 § 6(c), 120 Stat. 1485, 1510 (2006).  In 2008, however, Congress amended the Jones Act to delete the separate venue provision.  *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 3521, 122 Stat. 3, 596 (2008).

While at first look, this amendment would appear to undermine the reasoning employed to decline to apply FELA's prohibition on venue selection clauses in Jones Act cases (*See* Pl. Mem. 8, 10-13),[3] it is necessary to examine the Congressional intent behind the 2008 amendment.  *E.g.*, *Cox v. Roth*, 348 U.S. 207, 209 (1955) (courts typically deal with the interaction between FELA and the Jones Act as a question of Congressional intent).  An

---

[2] *Pure Oil 2* held that the venue provision in the Jones Act should be interpreted consistently with 28 U.S.C. § 1391(c), the general venue statute.

[3] Riley relies primarily on two cases to support his argument that the 2008 amendment to the Jones Act necessarily requires that FELA's prohibition on venue selection clauses be incorporated into the Jones Act: *Harrington v. Atlantic Sounding Co., Inc.*, 602 F.3d 113 (2nd Cir. 2010) and *Rozanska v. Princess Cruise Line, Ltd.*, No. 07-23355, 2008 U.S. Dist. LEXIS 95773 (S.D. Fla. Aug. 5, 2008).  However, the language Riley quotes from *Harrington* does not stand for the proposition that FELA's prohibition on venue selection clauses is incorporated into the Jones Act; in fact, the *Harrington* court concluded that FELA §§ 5-6 were inapplicable to seaman arbitration agreements.  *Harrington*, 602 F.3d at 124.  Riley's reliance on *Rozanska* is similarly misplaced because the language Riley cites was dicta that, in any event, has been rejected by subsequent cases decided by the same court and affirmed by the Eleventh Circuit.  *See Vesuna*, No. 09-20286, 2009 WL 4543319, at *2, *aff'd sub nom. Vesuna v. CSCS Int'l N.V.*, 405 Fed. Appx. 371 (11th Cir. 2010); *Popescu v. CMA CGM*, No. 09-20860, 2009 WL 5606131, at *10 (S.D. Fla. Nov. 5, 2009), *aff'd sub nom. Popescu v. CMA-CGM*, 384 Fed. Appx. 902 (11th Cir. 2010).

examination of this Congressional intent leads to the conclusion that the 2008 repeal of the Jones Act venue provision was not meant to alter the existing law. *See Utoafili*, No. 09-2575, 2009 WL 6465288, at *3-5; *see also Vesuna v. C.S.C.S. Int'l, N.V.*, No. 09-20286, 2009 WL 4543319, at *2 (S.D. Fla. Nov. 30, 2009). As outlined by the court in *Utoafili*, the House Reports associated with the 2008 amendment provide that the amendment "was intended as a codification without substantive change" and that the venue provision was "being repealed to make clearer that the prior law regarding venue, including the holding of [*Pure Oil 2*] and cases following it, remains in effect. . ." *Utoafili*, No. 09-2575, 2009 WL 6465288, at *5 (quoting H.R. Rep. No. 110-437, at 5 (2007)). Therefore, the 2008 amendment was intended to make clear that venue under the Jones Act is to be treated in accordance with 28 U.S.C. § 1391(c), as courts have been treating Jones Act venue since *Pure Oil 2*. *Id.* As discussed above, under existing law prior to the 2008 amendment, courts found venue selection clauses permissible under the Jones Act. Accordingly, the Court finds that it would be inconsistent with Congressional intent to "interpret[] the repeal of the venue provision as an invitation to incorporate into the Jones Act the venue provision of FELA and its attached 'substantive rights.'"[4] *Id.*

This Court finds that FELA's venue provisions should not be read into the Jones Act. Therefore, the Jones Act does not void the venue selection clause in Riley's Agreement with Trident.

## III. THE VENUE SELECTION CLAUSE IS NOT UNJUST OR UNREASONABLE.

Riley's second argument against enforcement of the venue selection clause is that enforcement of the clause would be unreasonable and unjust. *See Bremen v. Zapata Off-Shore*

---

[4] In contrast to the Supreme Court's finding in *Boyd* that venue under FELA is a "substantial right," the Supreme Court has stated that venue under the Jones Act is merely a "matter of judicial housekeeping" that has no substantive significance. *See American Dredging Co. v. Miller*, 510 U.S. 443, 453-54, 457 (1994).

7

*Co.*, 407 U.S. 1, 10-18 (1972). A forum or venue selection clause is *prima facie* valid and enforceable, and "the party challenging the clause bears an especially 'heavy burden of proof.'" *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (quoting *Bremen*, 407 U.S. at 17). A forum selection clause is unenforceable if (1) it is the product of fraud or overreaching, (2) trial in the selected forum would be so gravely difficult and inconvenient that it would effectively deprive the plaintiff of his day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998); *Sun World Line, Ltd. v. March Shipping Corp.*, 801 F.2d 1066 (8th Cir. 1986).

Riley argues that the clause is a product of Trident's overreaching and is an abuse of Trident's bargaining power. However, "a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1131, 1141 (9th Cir. 2004) (*citing Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595 (1991)). Riley contends that the clause was inserted in "small print" and "slipped in" to the Agreement. But the venue selection clause was printed, in relevant part, in all capital letters in the middle of a one-page contract. (McCarthy Dec., Ex. 5, ¶ 6.) In addition, Riley had previously entered into a contract of employment with Trident containing an identical venue selection clause. (*Id.* at Ex. 1, ¶ 6.) Riley also contends that the clause is unenforceable because it was in a "take it or leave it" employment contract. However, if Riley opposed the clause, he could have sought work with any number of fishing employers during the height of the fall fishing season. *See, e.g.*, *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004) ("If, as [Plaintiff] asserts, [the employer] told him that the contract was not negotiable, [Plaintiff] had the opportunity to seek work with other employers if he opposed the forum selection

clause."). Riley has not shown the sort of fraud or coercion by Trident necessary to overcome the presumption of validity of the venue selection clause.

Nor has Riley shown that enforcement of the venue selection clause would deprive him of his day in court. Riley points to his financial difficulties and argues that traveling to Seattle for the lawsuit would cause him inconvenience and hardship. In support of his position, Riley cites *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004) and *Walker v. Carnival Cruise Lines,* 107 F. Supp. 2d 1135 (N.D. Cal. 2000). In those cases, the court concluded that forum selection clauses should not be enforced because the plaintiffs' physical disabilities and economic constraints were so severe that, in combination, they would preclude the plaintiffs from having their day in court. *Murphy*, 362 F.3d at 1143; *Walker*, 107 F. Supp. 2d at 1138. Here, Riley has not alleged that a physical limitation would prevent him from pursuing this action in Washington. Although Riley asserts financial hardship, the expense of travel alone does not deprive Riley of a meaningful day in court. *Siebert v. Amateur Athletic Union*, 422 F. Supp. 2d 1033, 1046 (D. Minn. 2006). Enforcement of the venue selection clause is not unreasonable under the circumstances.

In addition, the Court finds that enforcement of the venue selection clause will not contravene a strong public policy of the forum. In this Jones Act and general maritime law case, federal admiralty law applies. As set forth in *Bremen*, federal admiralty law favors enforcement of venue selection clauses. *Sun World Lines, Ltd.*, 801 F.2d at 1068.

## IV. TRIDENT MAY ENFORCE THE VENUE SELECTION CLAUSE.

Because the venue selection clause is not void under the Jones Act, and because it is not unenforceable as unjust or unreasonable, the clause may be enforced against Riley. Riley agreed to bring disputes arising out of his employment, and specifically disputes arising under the Jones

Act and the general maritime law, in the federal or state courts in King County, Washington. Accordingly, this case should be heard there.

## V. TRANSFER IS APPROPRIATE.

The Court has the discretion to either dismiss or transfer this case. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §406(a). Typically, a transfer is preferred over the dismissal of an action in order to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962). Transfer, rather than dismissal, is appropriate here. Dismissal of this action would require Riley to incur the time and expense of re-filing this lawsuit in Washington, as well as the associated delay in proceedings. Trident has agreed to stipulate to a dismissal without prejudice upon transfer of the case to the Western District of Washington if Riley wishes to proceed in state court in King County instead of federal court. In the interest of judicial economy, the Court concludes that justice is best served by transfer, rather than dismissal.

## RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss or Transfer Venue [Docket No. 4] be **GRANTED** and that the case be transferred to the Western District of Washington.


Dated: January 9, 2012

    s/ Arthur J. Boylan  
Chief Magistrate Judge Arthur J. Boylan  
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before  January 23, 2012        .